**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| NOEL OBOURN, | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:15-CV-48 (JCH) |
| | : | |
| v. | : | |
| | : | |
| AMERICAN WELL CORPORATION, | : | OCTOBER 19, 2015 |
| Defendant. | : | |

**RULING RE:  DEFENDANT'S MOTION TO TRANSFER (Doc. No. 63)**

**I.     INTRODUCTION**

Noel Obourn brings this suit against her former employer, American Well Corporation ("American Well"), making a number of claims related to American Well's alleged failure to pay her annual bonuses.  Obourn originally brought the suit in state court, but American Well subsequently removed the suit to this court.  American Well now moves to transfer the case to the United States District Court for the District of Massachusetts.  Motion to Transfer Venue (Doc. No. 63).

For the following reasons, the court grants American Well's Motion.

**II.     BACKGROUND**

Obourn's Third Amended Complaint (Doc. No. 64-1) and the parties' relevant Memoranda (Doc. Nos. 63-1, 69, 70) contain the relevant background information. Obourn lives in West Hartford, Connecticut, and American Well's principal place of business is in Boston, Massachusetts.  See Memorandum of Law in Support of Defendant's Motion to Transfer Venue (Doc. No. 63-1) ("Def.'s Mem. Supp.") at 2. American Well has no offices in Connecticut.  Id. at 3.

1

Obourn worked for American Well for about four years, during which time she "consistently traveled to American Well's office in Boston, where she had a dedicated office." Id. at 2. However, the relevant agreement between the parties (Doc. No. 1 Ex. A) (the "Contract") clearly contemplated that she would often work from Connecticut. See Plaintiff's Opposition to Defendant's Motion to Transfer (Doc. No. 69) ("Pl.'s Opp'n"), Ex. A (Doc. No. 69-1) § 1 ("You are expected to carry out your duties living in Connecticut.").

In April 2015, Obourn filed an action against American Well before the Massachusetts Commission Against Discrimination. See Def.'s Mem. Supp. 5. In May 2015, American Well filed an action against Obourn in Massachusetts state court, which Obourn removed then to federal court, for breach of a non-compete agreement between the parties. Id. The non-compete agreement relevant to that suit was "expressly incorporated by reference" in the Contract. See Pl.'s Opp'n, Ex. A § 4. Both the Contract and the non-compete agreement contained choice of law provisions, designating Massachusetts law as governing. Def.'s Mem. Supp. at 4-5. Further, the non-compete agreement contained a mandatory forum selection clause, requiring any action related to the non-compete agreement to be brought in Massachusetts state or federal court. Id. at 4.

III.   STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of establishing the propriety of transfer by a clear and convincing showing. Wilson v. DirectBuy, Inc., 821

F.Supp.2d 510, 513 (D. Conn. 2011).  "In determining whether a transfer of venue

pursuant to 28 U.S.C. § 1404(a) is appropriate, district courts engage in a two-part

inquiry, asking: (1) whether an action "might have been brought" in the proposed

transferee forum, and, if so, (2) whether the transfer promotes convenience and justice."

Id. at 515.  "Section 1404(a) reposes considerable discretion in the district court to

adjudicate motions for transfer according to an individualized, case-by-case

consideration of convenience and fairness."  Red Bull Associates v. Best Western Int'l,

862 F.2d 963, 967 (2d Cir. 1988) (internal citation omitted).

IV.   DISCUSSION

A. Whether the action "might have been brought" in the District of
   Massachusetts

"To decide whether an action 'might have been brought' in the proposed

transferee forum, the court must first determine whether the defendants are subject to

personal jurisdiction in that forum, and whether venue would properly lie there."  Wilson,

821 F.Supp.2d at 515.  There is no dispute that American Well, a corporation whose

principal place of business is in Boston, Massachusetts, is subject to personal

jurisdiction in Massachusetts.  See 28 U.S.C. § 1332(c)(1).  Nor is there any dispute

that venue properly lies in the District of Massachusetts, as American Well is the sole

defendant and a resident of Massachusetts, where its principal place of business is

located.  See 28 U.S.C. § 1391(b)(1).

B. Whether transfer promotes convenience and justice

The parties essentially agree on what factors the court is to consider under

section 1404(a), but they strongly disagree on the significance of the factors.  American

Well contends that almost all of the applicable factors weigh in favor of transfer, and the

remaining factors are neutral.  See Def.'s Mem. Supp. 7.  Obourn disagrees, asserting

that "each of the factors . . . are either neutral or weigh in favor of keeping the case" in

this court.  Pl.'s Mem. Opp'n 7.

To determine whether transfer promotes justice and convenience, courts in the

Second Circuit consider the following factors:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the
> location of relevant documents and relative ease of access to sources of
> proof, (4) the convenience of parties, (5) the locus of operative facts, (6)
> the availability of process to compel the attendance of unwilling witnesses,
> [and] (7) the relative means of the parties.

D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 106–07 (2d Cir. 2006).  Other factors

include the "forum's familiarity with the governing law" and "trial efficiency and the

interests of justice."  Wilson, 821 F. Supp. 2d at 516.

1.      The Plaintiff's Choice of Forum

"The plaintiff's choice of forum . . . is generally entitled to substantial

consideration."  Charter Oak Fire Ins. Co. v. Broan-Nutone, L.L.C., 294 F. Supp. 2d 218,

219 (D. Conn. 2003) (citing In re Warrick, 70 F.3d 736, 741 (2d. Cir. 1995)).  Obourn

filed her lawsuit in this court.  On the other hand, Obourn herself filed a claim before the

Massachusetts Commission Against Discrimination after this suit commenced, so her

choice of forum is less weighty than it might otherwise have been.  This factor weighs

moderately against transfer.

2.      Convenience of the Parties and Witnesses

American Well is a Boston-based company that has never maintained an office in

Connecticut, has no employees who now work in Connecticut, and does not appear to

have any reason to come to Connecticut other than this lawsuit.  Def.'s Mem. Supp. 7.

4

On the other hand, Obourn will have to travel to Boston in order to prosecute her claim in front of the Massachusetts Commission Against Discrimination and to defend herself in American Well's non-compete lawsuit.  Id. at 8.  American Well asserts, and Obourn does not deny, that Obourn could have, under Connecticut law, brought the discrimination claim with the Connecticut Commission on Human Rights and Opportunities, which has an office in Hartford, where Obourn originally filed the Complaint in this case.  Id.  The fact that Obourn could have brought her discrimination claim in Connecticut, but chose to bring it in Massachusetts, strongly suggests that Massachusetts is not an inconvenient forum for her.  Additionally, American Well asserts, and Obourn does not deny, that Obourn offered, through counsel, to conduct mediation in the instant dispute in Boston, another fact that suggests that Massachusetts is not an inconvenient forum for her.  Id.

As for the witnesses, "[t]he 'convenience of witnesses' factor is principally aimed at weighing the relative convenience of non-party witnesses."  MAK Mktg, Inc. v. Kalapos, 620 F.Supp.2d 295, 309 (D. Conn. 2009).  American Well has only identified one potential witness who is not an employee, see Def.'s Mem. Supp. 9, and Obourn has not identified any such witnesses.  The one non-employee witness that American Well anticipates calling lives in San Diego, id., in which case neither potential forum is convenient.

This factor weighs in favor of transfer.

3.      Access to Relevant Documents and Sources of Proof

"Modern photocopying technology and electronic storage deprive this issue of practice or legal weight."  Id. at 310.  The parties agree that this factor is neutral because evidence can be electronically shared.

4.      Locus of Operative Facts

In a breach of contract claim, the locus of operative facts is determined by considering where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred.  See Open Solutions Inc. v. Granite Credit Union, No. 3:12-CV-1353 (RNC), 2013 WL 5435105, at *3 (D. Conn. Sept. 29, 2013); Everlast World's Boxing Headquarters Corp. v. Ringside, Inc., 928 F.Supp.2d 735, 745 (S.D.N.Y. 2013).  The parties make no representations as to where the contract was negotiated or executed.  The performance of the operative portion of the contract – the bonuses paragraph – occurred in both Massachusetts and Connecticut. This is because the bonuses paragraph required both American Well and Obourn to engage in activity.  Specifically, American Well was required to provide Obourn with specific criteria to be met as conditions precedent to receiving a bonus, and Obourn was required to meet those conditions in order to receive a bonus.  Although the parties do not explicitly say so, presumably American Well's performance occurred in Massachusetts and Obourn's partially in Connecticut and partially in Massachusetts, where she frequently worked.

The alleged breach occurred in Massachusetts.  To the degree that Obourn alleges that American Well either failed to pay her bonuses or failed to provide her with performance criteria, both of these alleged events occurred in Massachusetts.  The

6

creation of performance criteria by American Well appears likely to have been expected to happen in Massachusetts.  Additionally, payroll was processed in Massachusetts and payments to employees were sent from Massachusetts, which means that the alleged failure to pay Obourn a bonus also occurred in Massachusetts.

Accordingly, this factor militates in favor of transfer.

      5.      Availability of Compulsory Process

"This factor is generally relevant only with respect to third-party witnesses, since employees of the parties will as a practical matter be available in any venue by virtue of the employment relationship."  MAK Mktg., 620 F.Supp.2d at 310 (internal quotation marks omitted).  American Well has only identified one potential witness who is not an employee, see Def.'s Mem. Supp. 9, and Obourn has not identified any witnesses.  The one non-employee witness that American Well anticipates calling lives in San Diego, id., in which case compulsory process is equally unavailable in Connecticut and Massachusetts.  Accordingly, this factor is neutral.

      6.      Relative Means of the Parties

"The purpose of the relative means factor in the section 1404(a) analysis is to ensure the interests of justice are accounted for in situations where a "disparity exists between the [relative means of the] parties, such as an individual plaintiff suing a large corporation."  Zinky Elecs., LLC v. Victoria Amplifier Co., Civil Action No. 09-cv-26 (JCH), 2009 WL 2151178, at *8 (D. Conn. June 24, 2009) (quoting Berman v. Informix Corp., 30 F.Supp.2d 653, 659 (S.D.N.Y.1998)).  Although that is the case here, the court notes that Obourn is not impoverished, as evidenced by the fact that her annual

base salary while working at American Well was $275,000.  See Contract ¶ 3.

Nevertheless, this factor militates slightly against transfer.

>           7.          Familiarity of the Forum with Governing Law

"The 'governing law' factor is to be accorded little weight on a motion to transfer

venue because federal courts are deemed capable of applying the substantive law of

other states."  MAK Mktg., 620 F.Supp.2d at 310.  This remains the case even though

one of the issues in this case may involve a novel question under Massachusetts law.

Accordingly, this factor is neutral.

>           8.          Trial Efficiency

"[O]ne of the most important factors considered by courts in evaluating a motion

to transfer is the existence of similar litigation in the transferee district."  Putnam Bank v.

Countrywide Fin. Corp., Civil No. 3:11-cv-145 (JCH), 2011 WL 10549043, at *4 (D.

Conn. May 16, 2011) (quoting Berman, 30 F.Supp.2d at 660).  Indeed, "[t]here is a

strong policy favoring the litigation of related claims in the same tribunal in order that

pretrial discovery can be conducted more efficiently, duplicitous litigation can be

avoided, thereby saving time and expense for both parties and witnesses, and

inconsistent results can be avoided."  Id. (quoting Wyndham Assocs. v. Bintliff, 398 F.2d

614, 619 (2d Cir. 1968).

As already noted, the non-compete lawsuit is currently pending in the District of

Massachusetts.  Further, as American Well argues, the parties in the litigation are

exactly the same, the claims in both suits arise from Obourn's employment with

American Well, and the non-compete agreement was incorporated into the Contract that

is the basis for this suit.  Def.'s Mem. Supp. at 11.  Additionally, American Well asserts

that it will be introducing the same facts and arguments in both this action and the non-compete action, id. at 11-12, and that it will move to consolidate the cases if this case is transferred, id. at 12.  Obourn, on the other hand, argues that if, the cases are to be consolidated anywhere, it should be in Connecticut.  Pl.'s Opp'n at 6.

However, the consolidation of these two actions, which appears warranted here and would serve judicial economy, can only occur in the District of Massachusetts, rather than the District of Connecticut.  American Well had no option but to bring its suit in Massachusetts because of the existence of a mandatory forum selection clause in the non-compete agreement.  Although mandatory forum selection clauses can be deemed unenforceable under certain extreme circumstances, see Indymac Mortg. Holdings, Inc. v. Reyad, 167 F.Supp.2d 222, 245 (D. Conn. 2001), the present case does not present such circumstances.  Thus, because the only place the case can be consolidated is in the District of Massachusetts, and because the court concludes that the cases should be consolidated, trial efficiency and the interests of justice favor transfer.

All told, three of the factors favor transfer, three are neutral, and two oppose transfer.  However, trial efficiency and the interests of justice, one of the most important factors, favors transfer.  Further, the two factors that favor retention do so only slightly. Accordingly, the court grants the Motion to Transfer.

## V.   CONCLUSION

For the foregoing reasons, the court **GRANTS** American Well's Motion to Transfer (Doc. No. 63).

**SO ORDERED**.

Dated at New Haven, Connecticut, this 19th day of October, 2015.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge